IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ORELIUS BARNETT,
    Plaintiff,

v.

JAMES SANDFORD and
THADDEUS ALEXANDER,
    Defendants.

Case No. 2:04-CV-1113
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Terence P. Kemp

**OPINION AND ORDER**

This case is scheduled for trial by jury to commence on June 27, 2006 on Plaintiff's claims for excessive force pursuant to 42 U.S.C. § 1983 and assault and battery under Ohio law. The Court held a Final Pretrial Conference on June 15, 2006. During the conference, several matters were discussed, including the parties' Motions *in limine*. The Court hereby summarizes its rulings on the motions.

I.

**A. Defendants Sandford and Alexander's Motion**

Defendants Sandford and Alexander move to preclude testimony and other evidence with regard to the following: (1) the underlying criminal matters and subsequent acquittal of Plaintiff; (2) the employment records of Defendants; (3) any prior use of force complaints as to Defendants or any other Division of Police use of force complaint; (4) certain testimony from Hiram Howard, who was also part of the event in question in this case. (Doc. #42). With respect to

items two and three, Plaintiff does not intend to offer evidence or testimony. Thus, the Defendants' motion with respect to these issues is denied as moot.

As to the admissibility of the prior state court criminal proceedings, Plaintiff argues that his acquittal is relevant to the issue of the extent of force used as well as the extent of his injury. It is, however, well-established that proof of an acquittal is not necessarily relevant in a subsequent civil case because it may only indicate that the prosecution in the criminal case failed to meet its burden of proof beyond a reasonable doubt. *McKinney v. Galvin*, 701 F.2d 584, 586 n.4 (6th Cir. 1983). Thus, the probative value of the prior criminal acquittal is outweighed by the danger of unfair prejudice and possible confusion to the jury of the issues triable in the civil context. Fed. R. Evid. 403. The Court therefore excludes any evidence or testimony of Plaintiff's prior acquittal in state court[1].

With respect to the issue of the testimony of Hiram Howard, Defendants argue that he should be precluded from testifying about the force used on him by Officer Lange and any subsequent events which relate only to him. Defendants do not seek to exclude any testimony of events Hiram Howard observed with respect to Plaintiff's encounter with the Defendants. Plaintiff opposes Defendants' motion, arguing that the entirety of events should be admissible.

Howard may testify only as to events related to Plaintiff of which he has personal knowledge. He may describe what events he personally observed. He may not, however, describe matters, such as any claimed personal injury to himself, which are not relevant to this case.

---

[1] As indicated during the Final Pretrial Conference, the Court will instruct the jury that there have been other proceedings involving the factual issues presented but the jury should not speculate as to those proceedings.

2

### B. Plaintiff's Motion

Plaintiff filed a motion *in limine* seeking to preclude evidence as to the lawfulness of Plaintiff's arrest following the incident in question. According to Plaintiff, the lawfulness of the arrest is irrelevant to the issue of the extent of force used on Plaintiff. Defendants contend that evidence as to the arrest is admissible because the arrest was based on probable cause.

In its *Opinion and Order* on summary judgment, this Court concluded that Plaintiff cannot relitigate the issue of probable cause in this Court. The matter was fully considered in the state court after an Evidentiary Hearing. (Doc. #36 at 10-11). The Court further held that, to the extent Plaintiff claimed his detention and arrest were without probable cause in violation of the Fourth Amendment, the claim under § 1983 is without merit.

The existence of probable cause is not dispositive of the issue of whether the Defendants used excessive force on Plaintiff. The jury must determine the nature and extent of Defendants' use of force in their encounter with Plaintiff and they must also determine whether the force used was reasonable or excessive for Fourth Amendment purposes. Defendants argue that the lawfulness of the arrest should be admitted into evidence because it is "well established that officers are permitted to use reasonable force while making a lawful arrest." (Doc. #51 at 2). While this is certainly true, it is also true that the use of excessive force is not permissible even if there was probable cause to arrest. So that the jury is not confused as to this issue, the Court proposes to instruct the jury that the fact of Plaintiff's arrest does not determine the issue of whether Defendants used excessive force on Plaintiff.

As for the issue of probable cause, the Court concludes that evidence that probable cause

3

to arrest existed should be excluded just as evidence of Plaintiff's acquittal in state court is excluded. Both of these matters are irrelevant and prejudicial as to the real question of whether excessive force was used. Thus, evidence that probable cause existed has the potential to confuse the jury and prejudice Plaintiff's case.

Plaintiff's motion *in limine* also seeks to preclude testimony and evidence regarding the employment records, files and history related to any past effective law enforcement. As Defendants concede that they do not intend to introduce such evidence, this portion of Plaintiff's motion is denied as moot.

## II.

The Defendants' Motion *in limine* (**Doc. #42**) and the Plaintiff's Motion *in limine* (**Doc. #46**) are **GRANTED in part** and **DENIED in part**, consistent with the foregoing.

**IT IS SO ORDERED.**

6-22-2006
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4